UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cr-60152-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,
v.

PHILLIP J. THOMPSON,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court upon Defendant's Motion for Reconsideration, ECF No. [48] ("Motion"), filed on December 19, 2024. The Government did not file any response. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

On August 3, 2018, Defendant was sentenced to a term of imprisonment of 100 months, to run concurrent with his sentence in the Eastern District of Virginia. ECF No. [29]. On December 13, 2024, the Court entered a Paperless Order denying Defendant's motion to reduce sentence, ECF No. [46], explaining that Defendant is ineligible for a sentence reduction because "[a]lthough Defendant is correct that § 4A1.1's new status-point-provisions reduce his criminal history points from 11 to 10, Defendant's criminal history category remains V and unchanged. U.S.S.G. § 5A." *See generally id.* Defendant requests that the Court take into consideration that if the present case was adjudicated prior to his Virginia case, he would have a total of 6 criminal history points. ECF No. [48] at 1-2.

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the [United States] Supreme Court and [the Court of Appeals for the

Eleventh Circuit] have permitted parties to file such motions in criminal cases." *Serrano v. United States*, 411 F. App'x 253, 254-55 (11th Cir. 2011) (citation omitted); *United States v. Nunez*, No. 2:17-CR-87-FtM-38MRM, 2020 WL 5569522, at *1 (M.D. Fla. Sept. 17, 2020). In ruling on a motion for reconsideration in a criminal case, federal courts apply civil standards and exercise substantial discretion. *See United States v. Sabooni*, No. 09-20298-CR, 2014 WL 4385446, at *1 (S.D. Fla. Sept. 4, 2014) (citing *United States v. Pugh*, 426 F. App'x 876, 876 (11th Cir. 2011)).

> Federal Rules of Civil Procedure 59 and 60 govern motions for reconsideration. Rule 59(e) allows a court to amend or alter its judgment for 28 days. Fed. R. Civ. P. 59(e). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). Likewise, Rule 60 allows a court to relieve a party from an order for select reasons like "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Under this framework, courts have interpreted three grounds for reconsidering an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). These grounds show that motions for reconsideration cannot simply ask a court to reexamine an unfavorable ruling. *See Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).

*Nunez*, 2020 WL 5569522, at *1.

Indeed, reconsideration is an "extraordinary remedy" that should be "employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1370 (S.D. Fla. 2002). To warrant reconsideration, the movant "must demonstrate why the court should reconsider its prior decision and set forth facts and law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Instituto de Prevision Militar v. Lehman Bros.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (citation omitted); *see also Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012) ("A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present

evidence that could have been raised prior to the entry of judgment" (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007))).

Upon review and construing Defendant's Motion liberally, the Court finds no basis to warrant reconsideration because Defendant has shown no "intervening change in controlling law, new evidence, or need to correct clear error or manifest injustice to warrant reconsideration." *Nunez*, 2020 WL 5569522, at *1. Defendant's sole argument is that the Court should take into consideration what was raised at Defendant's sentencing, which is that, if Defendant's Florida case was adjudicated prior to his Virginia case, Defendant would have a total of 6 criminal history points. ECF No. [48] at 1-2. However, as Defendant concedes, the Court has already considered this argument. ECF No. [22], [29]. Therefore, Defendant's motion is due to be denied.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [48]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 3, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Phillip J. Thompson
38303-083
Oxford
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1000
Oxford, WI 53952